Clair G. Burrill, Esq. (SBN 63930)
Robert S. Besser, Esq. (SBN 46541)
Clair G. Burrill, P.C.
501 S. Reino Road, Suite 300
Thousand Oaks, CA 91320
TEL: (805) 375-1144
TEL: (310) 394-6611
clairburrill@gmail.com
rsbesser@aol.com

Attorneys for Plaintiffs
Mattie Music Group dba
Golden Withers Music and
Hadley Murrell dba
Musidex Music

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTIE MUSIC GROUP dba GOLDEN WITHERS MUSIC and HADLEY MURRELL dba MUSIDEX MUSIC<br><br>Plaintiffs,<br><br>vs.<br><br>KENDRICK LAMAR, an individual; MARK ANTHONY SPEARS, an individual, WB MUSIC CORP., a Delaware corporation; HARD WORKING BLACK FOLKS INC., a corporation; TOP DAWG MUSIC, a business entity; WARNER/CHAPPELL MUSIC, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br>_____/ | Case No. 2:16-CV-2561<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

//

-1-

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL

Plaintiff, MATTIE MUSIC GROUP dba GOLDEN WITHERS MUSIC ("Golden") and plaintiff, HADLEY MURRELL dba MUSIDEX MUSIC ("Musidex") (both plaintiffs sometimes being collectively referred to herein as "Plaintiffs"), for their Complaint against Defendants, and each of them, allege as follows.

## PARTIES

1. Plaintiff, MATTIE MUSIC GROUP, is a California corporation dba Golden Withers Music with a place of business in Los Angeles County, California.

2. Plaintiff, MUSIDEX MUSIC, is a fictitious business name of HADLEY MURRELL, an individual residing in Los Angeles County, California.

3. Upon information and belief, Defendant, KENDRICK LAMAR, ("Lamar") is an individual residing in Los Angeles County, California.

4. Upon information and belief, Defendant, MARK ANTHONY SPEARS, ("Spears") is an individual residing in Los Angeles County, California.

5. Defendant WB MUSIC CORP. ("WB Music") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the City of Santa Monica, California, within this jurisdictional district.

6. Defendant WARNER/CHAPPELL MUSIC, INC. ("Warner/Chappell") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in the City of Santa Monica, California, within this jurisdictional district.

7. Upon information and belief, Defendant, TOP DAWG MUSIC ("Top Dawg"), is a business entity with an office and doing business in this jurisdictional district.

8. Upon information and belief, Defendant, HARD WORKING BLACK FOLKS INC. ("Hard"), is a business entity with an office and doing business in this jurisdictional district.

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL

9. The names, residences, and capacities of the Defendants named herein as DOES 1 through 10 are unknown to Plaintiffs at this time. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants is in some way liable, jointly and severally, to Plaintiffs for the damages alleged herein, either together with, or independent of, each other Defendant. At such time as the fictitiously named Defendants are identified, Plaintiffs will amend this Complaint to state each of their true names, residences, and capacities.

10. At all material times, each Defendant acted as the agent and/or principal of each other Defendant and each is equally, jointly, and severally, liable for the wrongful acts of the other.

## JURISDICTION AND VENUE

11. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1338 because this action is based on federal copyright law.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because the infringement occurred in this district and pursuant to 28 U.S.C. §1392(b)(3) because at least one defendant resides in this district.

## COMMON FACTUAL ALLEGATIONS

13. Plaintiffs own of record and control the copyright in the musical composition entitled "Don't You Want To Stay" written and composed by Bill Withers, Melvin Dunlap, and Raymond Jackson, Musical Composition Copyright Registration Certificate No. Eu 615909, dated September 24, 1975 and No. Eu 626242, dated November 3, 1975. Attached hereto as Exhibits "A" and "B" are true and correct copies of the copyright registration certificates for "Don't You Want To Stay". A phonorecord embodying and featuring a performance of "Don't You Want To Stay" by recording artist, Bill Withers, was released for sale to the public in 1975.

-3-

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL

14. Upon information and belief, Defendant Lamar, wrote and composed a musical composition entitled "I Do This" and caused phonorecords embodying a performance of "I Do This" by Defendant Lamar to be recorded and released for sale to the public in or about 2013.

15. Upon information and belief, Defendant Spears, is a co-writer/composer of the musical composition "I Do This" and Defendants W B Music, Top Dawg, Hard, and Warner/Chappell, are co-publishers of "I Do This".

16. The musical composition "I Do This" consists of nothing more than new, so-called Rap or Hip Hop lyrics, set to the existing music of "Don't You Want To Stay". Defendants did not create any new music for "I Do This" and Defendants did not simply "sample" some of the existing music of "Don't You Want To Stay". Rather, the music of "I Do This" is a direct and complete copy of the music of "Don't You Want To Stay". Defendants used the existing recorded music of "Don't You Want To Stay" and recorded the new, so-called Rap or Hip Hop lyrics, over the existing music. "I Do This" constitutes a knowing and wilful copyright infringement of "Don't You Want To Stay".

17. In May, 2013, Plaintiff Musidex, in a Notice of Copyright Infringement letter to Defendant Lamar's attorney, described the aforesaid copyright infringement and demanded that Defendant Lamar cease and desist from all exploitation of "I Do This" and provide a full accounting as to the exploitation of "I Do This". A true copy of Musidex's letter is attached as Exhibit "C". Notwithstanding that demand, Defendant Lamar continued exploiting "I Do This".

18. In March 2016, Plaintiff Golden, in a Notice of Copyright Infringement letter to Defendant Lamar's same attorney, again described the aforesaid copyright infringement and again demanded that Defendant Lamar cease and desist from all exploitation of "I Do This" and provide a full accounting as to the exploitation of "I Do This". A true copy of

-4-

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL

1  Golden' letter is attached as Exhibit "D". Notwithstanding that demand, Defendant Lamar
2  continued and to this day has continued exploiting "I Do This".

3        19. In March 2016, Plaintiff Golden, in a Notice of Copyright Infringement letter to
4  Defendants W B Music, Top Dawg, Hard, and Warner/Chappell, described the aforesaid
5  copyright infringement and demanded that said Defendants cease and desist from all
6  exploitation of "I Do This" and provide a full accounting as to the exploitation of "I Do This".
7  A true copy of Golden's letter is attached as Exhibit "E". Notwithstanding that demand,
8  Defendants continued and to this day have continued exploiting "I Do This".

9        20. "I Do This" is, and continuously has been since it was first released, offered for
10 sale to the public in various media. It continues to this day to be offered for sale on CDs
11 and is available for downloading from various internet music providers.

12       21. Plaintiffs are informed and believe that Defendant Lamar has openly admitted
13 that his musical composition "I Do This" copies the music of "Don't You Want To Stay" with
14 a thumb to the nose, catch me if you can attitude.

*******************************************

### FIRST CLAIM FOR RELIEF
(Copyright Infringement Against All Defendants)

18     22. Plaintiffs repeat and incorporate by reference the allegations contained in
19 Paragraphs 1 through 21, above, as though fully set forth.

20     23. Defendants, and each of them, have infringed the copyright in the musical
21 composition "Don't You Want To Stay" by knowingly and wilfully using the existing music,
22 and otherwise copying, note for note, the music of "Don't You Want To Stay" in the musical
23 composition "I Do This", by simply adding new lyrics to the existing music of "Don't You
24 Want To Stay" without the legally required authorization of the Plaintiffs. Defendants have
25 published, manufactured, distributed, sold, and licensed, and/or have authorized others to

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL

publish, manufacture, distribute, sell, and/or license, copies of "I Do This" that include the music of "Don't You Want To Stay".

24. As a direct and proximate result of Defendants' infringement, Plaintiffs, under 127 U.S.C. §502, are entitled to a temporary and final injunction enjoining Defendants' copyright infringement, and, under 17 U.S.C. §504 (b), their actual damages in addition to Defendants' profits that are attributable to the copyrighted material and, alternatively, Plaintiffs, under 17 U.S.C. §504 (c), are entitled to statutory damages including damages for knowing and wilful copyright infringement in the maximum statutory amount allowed.

25. Defendants' conduct was willful with full knowledge of and complete disregard for Plaintiffs' rights and should be enjoined. Further, if Plaintiffs elect to pursue statutory damages, Plaintiffs will also seek an increased award based on Defendants' willful infringement in the maximum statutory amount allowed.

26. As a direct and proximate result of Defendants' infringement, Plaintiff has incurred attorneys' fees and costs, in an amount according to proof, which are recoverable under 17 U.S.C. §505.

**********************************************

WHEREFORE, Plaintiffs pray for relief as follows:

1. For a temporary and final injunction enjoining Defendants' copyright infringement;

2. For Plaintiffs' actual damages and Defendants' profits, going back three years from the filing hereof, which are attributable to the use of the musical composition entitled "I Do This" or, alternatively, for statutory damages including the maximum statutory amount allowed for willful infringement of copyright;

2. For reasonable attorneys' fees pursuant to 17 U.S.C. §505;

3. For costs of suit incurred herein; and

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL

4. Such other or further relief as the Court may deem just and proper.

Dated: April 14, 2016

CLAIR G. BURRILL, P.C.

By _*Clair Burrill*_
CLAIR G. BURRILL
Attorneys for Plaintiffs, Mattie Music Group dba Golden Withers Music and Hadley Murrell dba Musidex Music

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEMAND FOR JURY TRIAL

Plaintiffs, Mattie Music Group dba Golden Withers Music and Hadley Murrell dba Musidex Music, hereby demand a trial by jury in the above matter.

Dated: April 14, 2016

CLAIR G. BURRILL, P.C.

By _*Clair Burrill*_
CLAIR G. BURRILL
Attorneys for Plaintiffs, Mattie Music Group dba Golden Withers Music and Hadley Murrell dba Musidex Music

COMPLAINT FOR COPYRIGHT INFRINGEMENT with DEMAND FOR JURY TRIAL